# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 15, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHEILA PAINTER,**
**Claimant Below, Petitioner**

**vs.)  No. 13-0870** (BOR Appeal No. 2048060)
(Claim No. 970039219)

**APPALACHIAN POWER COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sheila Painter, by William B. Gerwig III, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Appalachian Power Company, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 8, 2013, in which the Board reversed a December 28, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's December 2, 2011, decision and granted Ms. Painter a 4% permanent partial disability award for her right knee. The Board of Review reinstated the claims administrator's decision which granted Ms. Painter a 0% award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based on a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Painter worked as a human resource manager for Appalachian Power Company. On January 20, 1997, Ms. Painter injured her right foot, left foot, right knee, and left wrist when she tripped and fell through a doorway at work. The claims administrator held her claim compensable. Following this decision, Ms. Painter came under the care of David L. Soulsby, M.D., who determined that she had a partial tear of the medial and lateral meniscus. Dr. Soulsby

1

requested authorization for arthroscopic surgery to repair the right knee, and the claims administrator authorized the procedure. Dr. Soulsby performed the surgery on June 26, 2000. Bruce A. Guberman, M.D., then evaluated Ms. Painter and determined that she had 28% whole person impairment related to her compensable injury. Dr. Guberman specifically found that she had 6% whole person impairment related to her right leg. This 6% impairment rating included a 5% lower extremity impairment recommendation related to her right knee under Section 3, Table 62 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). The Office of Judges granted Ms. Painter a 28% permanent partial disability award based on Dr. Guberman's evaluation. Several years later, Christopher Martin, M.D., evaluated Ms. Painter and determined that she had 0% whole person impairment related to her right knee. Dr. Martin found that she had non-compensable bilateral arthritis and attributed all of her right knee disability to that condition. Dr. Martin noted that Dr. Soulsby had performed arthroscopic surgery on Ms. Painter's knee. Dr. Martin, however, did not recommend any impairment related to this surgery because he incorrectly believed that the surgery had not been authorized by the claims administrator. On December 2, 2011, the claims administrator granted Ms. Painter a 0% permanent partial disability award based on Dr. Martin's evaluation. Dr. Guberman then evaluated Ms. Painter a second time. He determined that Ms. Painter had 4% whole person impairment under the American Medical Association's *Guides* for abnormal flexion and extension of the right knee. Dr. Guberman also found that this entire impairment rating related to the compensable injury because Ms. Painter's right knee osteoarthritis did not pre-date the injury. On December 28, 2012, the Office of Judges reversed the claims administrator's decision and granted Ms. Painter a 4% permanent partial disability award for her right knee. The Board of Review reversed the Order of the Office of Judges on August 8, 2013, and reinstated the claims administrator's decision, leading Ms. Painter to appeal.

The Office of Judges concluded that Ms. Painter was entitled to a 4% permanent partial disability award for her right knee injury. It based this determination on the second evaluation of Dr. Guberman, which it found was the most persuasive evidence in the record of Ms. Painter's whole person impairment related to her right knee. The Office of Judges found that Dr. Guberman's impairment rating was consistent with Ms. Painter's complaints of right knee pain following the injury and her receipt of treatment related to her knee. The Office of Judges considered the evaluation of Dr. Martin, but it did not rely on his opinion. The Office of Judges found that Dr. Martin was mistaken in believing that the claims administrator had not authorized the June 26, 2000, arthroscopic surgery.

In reversing the Order of the Office of Judges, the Board of Review concluded that Dr. Guberman's 4% impairment recommendation could not be relied upon because Dr. Guberman's evaluation did not take into account Ms. Painter's prior permanent partial disability award. The Board of Review found that Ms. Painter had been fully compensated for her right knee impairment and was not entitled to any additional permanent partial disability award.

The decision of the Board of Review is based on a material misstatement of the compensation Ms. Painter previously received for her right knee injury. The evidence in the record demonstrates that Ms. Painter has not been fully compensated for the disability related to her right knee injury and shows that she is entitled to an additional 2% permanent partial

disability award. The second evaluation of Dr. Guberman demonstrates that Ms. Painter has 4% whole person impairment related to her right knee. Ms. Painter previously received a 28% permanent partial disability award for her compensable injuries based on a prior evaluation conducted by Dr. Guberman. The 5% lower extremity impairment Dr. Guberman identified in his evaluation related to Ms. Painter's knee would amount to a 2% whole person impairment rating under Section 3, Table 62 of the American Medical Association's *Guides*. Ms. Painter therefore, is entitled to an additional 2% permanent partial disability award, which would bring the total amount of the award relating to her right knee to 4%. The Office of Judges was justified in relying on Dr. Guberman's impairment recommendation instead of Dr. Martin's because Dr. Guberman thoroughly evaluated Ms. Painter's right knee and took into account her disability resulting from the authorized arthroscopic right knee surgery.

For the foregoing reasons, we find that the decision of the Board of Review is based on a material misstatement or mischaracterization of particular components of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to grant Ms. Painter an additional 2% permanent partial disability award for her right knee.

Reversed and Remanded.

**ISSUED:  October 15, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

Justice Brent D. Benjamin, disqualified.

3